# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6726 | **DATE** | 8/6/2004 |
| **CASE TITLE** | Armament Systems and Procedures Inc. vs. Walgreen Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Intervenor Alco Manufacturing Company's motion to enforce settlement agreement (40-1) is denied. Ruling date on said motion is stricken. Status hearing previously set for 8/26/04 at 11:00 a.m. stands.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 09 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 50 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CW | courtroom deputy's initials | 2004 AUG -6 PM 4:50 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARMAMENT SYSTEMS AND )
PROCEDURES, INC., )
)
    Plaintiff, )
)
v. ) No. 03 C 6726
) Paul E. Plunkett, Senior Judge
WALGREEN CO., )
)
    Defendant. )



# MEMORANDUM OPINION AND ORDER

In Count II of the amended complaint, plaintiff charges Walgreen with patent infringement for its sale of LED flashlights called "Blue Claw Mighty Lights." Alco, who supplied the Blue Claw lights to Walgreen, has intervened in this case. Alco contends that correspondence between it and plaintiff establishes that the parties settled their dispute over the Blue Claw Mighty Lights, and asks the Court to enforce their agreement.

## Background

On April 3, 2004, Alco offered to settle Count II by, among other things, paying plaintiff $100,000.00, if plaintiff would agree to license Alco to sell its remaining inventory of Blue Claw Mighty Lights. (See Alco Mot. Enforce Settlement Agreement, Ex. A, 4/3/04 Letter to Pildes from Schulte.) On April 6, 2004, plaintiff's counsel rejected the offer, saying: "The impediment to settlement is not the monetary provisions of [your] offer. ASP does not, and will not, agree to

license Alco to sell Alco's remaining Blue Claw Mighty Light inventory." (Id., Ex. B, 4/6/04 Letter to Schulte from Pildes.)

After receiving the April 6 letter, Alco told plaintiff's counsel that it would destroy its remaining inventory if plaintiff agreed to accept payment of only $45,000.00. (Id., Ex. C, 6/17/04 Schulte Aff. ¶¶ 6-7)

On April 13, 2004, plaintiff's counsel rejected Alco's April 6 offer, saying: "ASP will accept $89,397.18 plus $5,000.00 for attorneys' fees. ASP will not entertain a lesser amount." (Id., Ex. D, 4/13/04 Letter to Schulte from Pildes.)

On May 7, 2004, Alco again wrote to plaintiff's counsel. The letter starts by saying: "We ask that you consider the following for settlement purposes only." (Id., Ex. E, 5/7/04 Letter to Pildes from Schulte.) It proceeds to outline eight terms, including Alco's agreement to pay plaintiff $89,397.18 plus $5,000.00 for attorney fees, and to destroy its entire inventory of Blue Claw Mighty Lights. (Id.) The letter concludes by saying: "Michael, this offer, for settlement purposes only, will expire at the end of the business day on Wednesday May 12, 2004." (Id.)

On May 7, 2004, plaintiff's counsel sent a response to Alco, which said: "ASP will not settle this matter for any amount of compensatory damages less than five ($5.00) dollars per light. Alco sold 111,555 infringing lights. Accordingly, ASP will not settle the case for less than $555,775 compensatory damages, plus other terms and conditions previously discussed, including attorneys' fees." (Id., Ex. F, 5/7/04 Letter to Schulte from Pildes.)

Alco contends that these letters evidence a binding settlement agreement, which it asks the Court to enforce.

-2-

## Discussion

Settlement agreements are a species of contract and, as such, are governed by ordinary contract principles. City of Chicago Heights v. Crotty, 679 N.E.2d 412, 413 (Ill. App. Ct. 1997). As with other contracts, "[a] settlement agreement is binding only if there is an offer, an acceptance, and a meeting of the minds as to the terms of the settlement." Magee v. Garreau, 774 N.E.2d 441, 446 (Ill. App. Ct. 2002). Alco says that its May 7, 2004 letter to plaintiff's counsel constituted its acceptance of plaintiff's counter-offer to settle the case on the terms the parties had previously discussed plus $89,397.18 in compensatory damages.

That interpretation, however, is at odds with the plain language of the letter. The letter says it is a settlement offer that will expire if not accepted by plaintiff within five days. (Alco Mot. Enforce, Ex. E, 5/7/04 Letter to Pildes from Schulte.) If Alco had, indeed, believed it was accepting an offer made by plaintiff, it would not have put an expiration date in the letter.

Moreover, even if the correspondence did evidence agreement on some of the provisions of the settlement, it does not suggest that the parties agreed on all of them. Of the eight terms that Alco contends are included in the settlement only three of them, compensatory damages, attorney fees and destruction of inventory, were addressed by plaintiff. There is, for example, nothing in any of plaintiff's letters to suggest that it agreed not to take any action against Alco or its customers for prior sales of Blue Claw Mighty Lights, the last term in Alco's May 7, 2004 letter. (Id.) Because the correspondence does not clearly evidence both parties' agreement to all of the terms of the purported settlement, it does not constitute a contract. See Pritchett v. Asbestos Claims Mgmt. Corp., 773 N.E.2d 1277, 1282 (Ill. App. Ct. 2002) ("A meeting of the minds between the parties will

occur where there has been assent to the same things in the same sense on all essential terms and conditions.")[1]

### Conclusion

For the reasons stated above, intervenor Alco's motion to enforce the settlement agreement is denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: __AUG 6 2004__

---

[1] In fact, plaintiff's ever-shifting position suggests that it had no intention of entering into a settlement agreement with Alco. But plaintiff's apparent lack of good faith, while unfortunate, does not transform the parties' negotiations into a contract.

-4-